<u>NOT FOR PUBLICATION</u>                                    (Docket No. 9)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| LING TAO & YAN QU, : | |
| : | |
| Plaintiffs, : | |
| : | Civil No. 07-804(RBK) |
| v. : | |
| : | **OPINION** |
| ROBERT S. MUELLER, et al., : | |
| : | |
| Defendants. : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon motion by Defendants Robert S. Mueller, Michael Chertoff, Emilio T. Gonzalez, and Donald Monica (collectively "Defendants") seeking dismissal of Plaintiffs Ling Tao and Yan Qu's (collectively "Plaintiffs") complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the Court grants Defendants' motion to dismiss.

**I.   Background**

Plaintiff Tao, a citizen of the People's Republic of China, came to the United States in early 2002 on a J-1 student visa to conduct research on cardiovascular disease. Plaintiff Tao holds a M.D., a Masters degree in Cardiovascular Sciences, and a Doctorate in Physiology. Tao's employer, Thomas Jefferson

University Hospital, filed an I-140 petition as an "Individual with Advanced Degree or Exceptional Ability in the National Interest" which was approved on January 9, 2005. Tao also filed an I-485 Application to Adjust to Permanent Resident Status on November 16, 2004. Plaintiff Qu, Tao's husband, also filed an I-485 application as a derivative beneficiary of his wife. On July 7, 2005, Tao received notice to appear on August 4, 2005 for fingerprinting by the Federal Bureau of Investigation ("FBI"). Qu received notice on February 17, 2005 to appear for FBI fingerprinting on April 2, 2005.

Over a year after the FBI fingerprinting, Plaintiffs received no word on the status of their applications. Plaintiffs contacted Congressman Jim Saxton of New Jersey and Senator Arlen Specter of Pennsylvania in an effort to determine the status of the applications. Senator Spector's office researched Plaintiffs' case and replied that the applications are delayed due to "name/date of birth security checks." Plaintiffs made personal inquires as late as November 2006 and January 2007 and received no indication that the applications are being processed.

Plaintiffs filed this action on February 16, 2007, alleging Defendants violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., by not adjudicating Plaintiffs' application after more than two years. Furthermore, Plaintiffs contend that action on the applications is a "duty owed" to the Plaintiffs

2

under 28 U.S.C. § 1361, and accordingly, Plaintiffs seek a writ of mandamus ordering Defendants to adjudicate the I-485 applications.  The Court notes that Plaintiffs do not seek the Court to compel an approval of the I-485 applications.

Defendants filed this Motion to Dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiffs oppose this motion.

**II.  Discussion**

    **A.  Standard**

Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction. Federal Rule of Civil Procedure 12(h)(3) requires the court to dismiss the action whenever it appears that the court lacks subject matter jurisdiction.  The burden of persuasion rests with the plaintiff when subject matter jurisdiction is challenged under Rule 12(b)(1).  Hedges v. United States, 404 3d 744, 750 (3d Cir. 2005).  In considering a motion to dismiss for lack of subject matter jurisdiction, "the person asserting jurisdiction bears the burden of showing that the case is properly before the Court at all stages of the litigation." Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993).  Furthermore, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of

jurisdictional claims." Mortensen v. First Federal Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

### B. Mandamus Jurisdiction

The Supreme Court described mandamus relief under 28 U.S.C. § 1361 as an "extraordinary remedy" which "will issue only to compel the performance of a clear nondiscretionary duty." Pittson Coal Group v. Sebben, 466 U.S. 105, 121 (1988). Furthermore, mandamus is intended "to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984).

Section 1361 provides that "[t]he district courts shall have original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform the duty owed to the plaintiff." The Third Circuit stated that for mandamus to issue, a plaintiff must allege that an officer of the government owes him a legal duty which is a specific, plain, ministerial act "devoid of the exercise of judgement or discretion." Harmon Cove Condominium Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987). An act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt. Id.

### C. Analysis

Plaintiffs argue that Defendants owe them a non-

discretionary duty to process the applications within a reasonable time, which Defendants failed to do by withholding adjudication for more than two years. Defendants claim that there is no statutory or regulatory time period for adjudication of an I-485 application. Defendants also assert that the Court lacks jurisdiction under 28 U.S.C. § 1361 or the APA because Defendants' decision falls within their discretionary duties.

While the Third Circuit remains silent on this issue, several courts within this district agree that courts lack subject matter jurisdiction in factually similar cases. See, e.g., Qiu v. Chertoff, 486 F. Supp. 2d 412, 416 (D.N.J. 2007) (finding no jurisdiction to compel adjudication of I-485 application under the mandamus statue or the APA because no statute or regulation specifies a time period within which USCIS must act); Li v. Gonzales, No. 06-5911, 2007 WL 1303000, *6 (D.N.J. May 3, 2007) (holding that district courts lack subject matter jurisdiction because USCIS has the discretion to withhold adjudication of I-485 applications under 8 U.S.C. 1255(a) making adjudication a discretionary duty); Jin v. Chertoff, No. 07-1145, 2007 WL 1963143, *2 (D.N.J. June 29, 2007) (holding that 8 U.S.C. § 1252(a)(2)(B) specifically precludes judicial review of the Attorney General's actions or inactions relating to I-495 applications); Zhang v. District Director, USCIS, No. 07-362, 2007 WL 1797655, *2 (D.N.J. June 20, 2007) (finding no subject

matter because the statute fails to indicate a time frame for adjustments of status, indicating that Congress did not intend to limit the discretion of immigration officials by specifying a time period in which they must act).

Another case within this District, Serrano v. Quarantillo, No. 06-5221, 2007 WL 1101434 (D.N.J. Apr. 9, 2007), presented facts indistinguishable from the instant case. In Serrano, the plaintiff filed an I-485 application to adjust his immigration status. Id. at *1. After waiting two years and eight months, the plaintiff sued under the APA to compel action on his application. Id. The court in Serrano stated that there must be a non-discretionary duty to allow jurisdiction under 28 U.S.C. § 1361 and the APA. Id. at *2-3. Furthermore, 8 U.S.C. § 1252(a)(2)(B) prohibited judicial review of the Attorney General's "actions or inactions" relating to the adjustment of a plaintiff's immigration status. Id.

The Attorney General is vested with the sole authority as to when and how to adjudicate an I-485 application.[1] Furthermore, 8

---

[1] See 8 U.S.C. § 1255(a) ("The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.")

U.S.C. § 1252(a)(2)(B) "precludes judicial review of any decision or action of the Attorney General or the Secretary of Homeland Security that is within their discretion." <u>Serrano</u>, 2007 WL 1101434, at * 2.  Moreover, 8 C.F.R. § 103.2(b)(18) confers discretion on immigration officers to withhold adjudication while applications are investigated. Specifically, 8 C.F.R. § 103.2(b)(18) states that an immigration officers "<u>may</u> withhold[]" adjudication every six months if he or she "<u>determines it is necessary</u> to continue to withhold adjudication pending completion of the investigation."  8 C.F.R. § 103.2(b)(18) (emphasis added). As other courts in this district held, "[t]he terms of the regulation clearly contemplate that certain applications may require lengthy investigations." <u>Qiu</u>, 484 F. Supp. 2d at 419. Defendants' duty is at their discretion and is therefore not a ministerial act for Plaintiffs.  Because mandamus jurisdiction requires a ministerial act, the Court lacks jurisdiction under 28 U.S.C. § 1361.

   Moreover, the Court lacks subject matter jurisdiction under the federal question statute, 28 U.S.C. § 1331, through the application of the APA.  <u>Id.</u> at 420.  Under the APA, "when an agency is compelled by law to act within a certain time period, but the manner of its action is left to the agency's discretion,

---

(emphasis added).

a court can compel the agency to act, but has no power to specify what the action must be." Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 65 (2004). However, "a court only has jurisdiction to compel an agency to act within a certain time period under the APA when the agency is compelled by law to act within a certain period of time. Qiu, 486 F. Supp. at 421 (citing Norton, 542 U.S. at 65). Furthermore, the APA does not apply to agency action that is committed by law to the discretion of the agency. Li, 2007 WL 1303000 at *6 (citing 5 U.S.C. § 701(a)(2)).

In the instant case, there is no statutory or regulatory provision compelling adjudication within a certain period of time. Moreover, a decision by immigration officials to withhold adjudication is within their discretion under 8 U.S.C. § 1255(a) and 8 C.F.R. § 103.2(b)(18). Accordingly, the APA does not confer subject matter jurisdiction on Plaintiffs' claim.

### III. Conclusion

Because the Court lacks subject matter jurisdiction over Plaintiffs' complaint, the Court grants Defendants' motion to dismiss.

Dated: 8/23/2007                         s/Robert B. Kugler
                                         ROBERT B. KUGLER
                                         United States District Judge